UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------x                    CV O7 5307 (CPS) (MDG)

ERNIE GENERAL, AUDREY
AMMONDS and AUBREY AMMONDS
(an infant under the age of 18 years,
by his mother and natural guardian,
AUDREY AMMONDS),

                                   Plaintiffs,

                                         FIRST AMENDED
                                         COMPLAINT

   -against-

                                         JURY DEMAND

THE CITY OF NEW YORK, CAPTAIN
SCHWEITZER, LT. CARRETTA,
SERGEANT JENNERY RIOS (Shield #
04371), LT. JORGE JIMENEZ (Tax
Registration # 910010), DTS RONALD
RACIOPPI (Shield # 07954), POLICE
OFFICER JORGE MOREL (Shield #
21184), SERGEANT STAUDINGER,
SERGEANT KELLY, POLICE
OFFICER JUST, POLICE OFFICER
FONTANA, POLICE OFFICER
PAULSON, POLICE OFFICER
LANGLOIS, POLICE OFFICER MUNIZ,
POLICE OFFICER FRANCIS, POLICE
OFFICER FOGARTY AND POLICE OFFICER
FUSCALDO,

                                   Defendants.

----------------------------------------------------x

ERNIE GENERAL, AUDREY AMMONDS and AUBREY AMMONDS (an infant

under the age of 18 years, by his mother and natural guardian, AUDREY AMMONDS),

by their attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of

the defendants, THE CITY OF NEW YORK, CAPTAIN SCHWEITZER, LT.

CARRETTA, SERGEANT JENNERY RIOS (Shield # 04371), LT. JORGE JIMENEZ

(Tax Registration # 910010), DTS RONALD RACIOPPI (Shield # 07954), POLICE

OFFICER JORGE MOREL (Shield # 21184), SERGEANT STAUDINGER,

SERGEANT KELLY, POLICE OFFICER JUST, POLICE OFFICER FONTANA,

POLICE OFFICER PAULSON, POLICE OFFICER LANGLOIS, POLICE OFFICER

MUNIZ, POLICE OFFICER FRANCIS, POLICE OFFICER FOGARTY AND POLICE OFFICER FUSCALDO (collectively referred to as "the Defendants"), upon information and belief alleges as follows:

NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.  This is an action to further seek compensation for the serious and permanent personal injuries sustained by the infant plaintiff AUBREY AMMONDS, as a result of the negligence of the defendants, perpetrated while said defendant officers were in the process of illegally and unlawfully arresting the infant plaintiff AUBREY AMMONDS.

JURISDICTION

3.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear State law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs federal

claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs claims under applicable State and City laws.

5.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

<u>THE PARTIES</u>

6.      During all times material to this complaint, the plaintiffs were, and still are, residents of the City of New York, presently residing in Kings County, City and State of New York.

7.      Plaintiff Ernie General is a black male of full age.

8.      Plaintiff Audrey Ammonds is a black female of full age.

9.      Plaintiff Aubrey Ammonds is an infant male, and the child and natural issue of the plaintiffs Ernie General and Audrey Ammonds.

10.     At all relevant times, defendants CAPTAIN SCHWEITZER, LT. CARRETTA, SERGEANT JENNERY RIOS (Shield # 04371), LT. JORGE JIMENEZ (Tax Registration # 910010), DTS RONALD RACIOPPI (Shield # 07954), POLICE OFFICER JORGE MOREL (Shield # 21184), SERGEANT STAUDINGER, SERGEANT KELLY, POLICE OFFICER JUST, POLICE OFFICER FONTANA, POLICE OFFICER PAULSON, POLICE OFFICER LANGLOIS, POLICE OFFICER MUNIZ, POLICE OFFICER FRANCIS, POLICE OFFICER FOGARTY AND POLICE OFFICER FUSCALDO, of the New York City Police Department (collectively referred to as "defendant officers"), were upon information and belief, and still are, law enforcement officers in the employ of the Police Department of the City of New York.

11.     At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the

3

City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

12. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant officers, through it's Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

13. Plaintiff sues all defendants in their individual and official capacities.

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

14. All conditions precedent to filing of this action have been complied with; on November 13, 2007, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by each of the plaintiffs, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiffs claim was assigned Claim No. 2007PI031234.

15. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected or refused.

16. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. On or about September 1, 2007, between the hours of approximately 05:00 a.m. and 06:00 a.m., at and within the plaintiffs' residence

known as 489 Linwood Street, 1st Floor, Brooklyn, New York 11208 in the County of Kings, City of New York, the plaintiffs were falsely arrested without probable cause by the defendant officers.

18.     That at the above-mentioned date and time, the defendant officers, without prior warning, forcibly gained entry into the plaintiffs' above-referenced residence, by breaking and/or smashing down the door to said residence.

19.     That at the above-mentioned date and time, the defendant officers, without identifying themselves as police officers; without showing and/or displaying any warrant; without asking any questions of the occupants therein, pointed their weapons at the plaintiffs, thereby placing the plaintiffs in immediate fear of bodily injury or death.

20.     That at the above-mentioned date and time, the defendant officers, in attempting to have the plaintiffs comply with their wishes, used foul and abusive language, and commanded the plaintiffs to immediately comply with their orders.

21.     That at the above-mentioned date and time, the defendant officers, without explanation, immediately placed the occupants of the residence, including the plaintiffs, under arrest.

22.     At the above-mentioned time and place, the infant plaintiff Aubrey Ammonds, who was sleeping at the time, was roused from sleep with heavy and violent kick(s) in the back, by one or more of the defendant officers, and battered, assaulted, injured and arrested, all without probable cause, by the above-referenced offending officer(s).

23.     That following the arrest of the plaintiffs, said plaintiffs were placed in a police van while the defendant officers conducted a search of the plaintiffs residence.

24.     The plaintiffs were thereafter transported to the 75th police precinct, where they were each photographed and fingerprinted.

25.     That the plaintiff Ernie General was thereafter transported from the 75th police precinct to "Central Booking" located in the Kings County

5

Criminal Court Building situated at 120 Schermerhorn Street, Brooklyn, New York 11201.

26.     That at some juncture, the Kings County District Attorney declined to prosecute the plaintiff Ernie General.

27.     That approximately thirty two hours after his initial arrest the plaintiff Ernie General was released from custody, and let out through a back entrance of the Kings County Criminal Court Building.

28.     Ernie General's Arrest # was K07678400. Ernie General's "CC" # was 594315794.

29.     That the plaintiff Audrey Ammonds remained in custody within the confines of the 75th police precinct.

30.     That at some juncture, the Kings County District Attorney declined to prosecute the plaintiff Audrey Ammonds.

31.     That approximately thirty two hours after her initial arrest the plaintiff Audrey Ammonds was released from custody, and let out through a back entrance of the 75th police precinct.

32.     Audrey Ammonds' Arrest # was K0767839Y. Audrey Ammonds' "CC" # was 59431548R.

33.     That while he was held at the 75th police precinct, the infant plaintiff Aubrey Ammonds was forced to submit to an unwarranted, unlawful and illegal strip search by one or more of the arresting officers. Nothing illegal was found on or within the person of the infant plaintiff.

34.     That the infant plaintiff Aubrey Ammonds was thereafter transported from the 75th police precinct to a juvenile detention center located in the Bronx County known as "Sparfield" or "Sparford".

35.     That the infant plaintiff remained at said juvenile detention center until September 4, 2007.

36.     The infant plaintiff Aubrey Ammonds was charged before the Kings County Family Court. Aubrey Ammonds' Family Court Docket # was D-18396-07.

37.     On or about September 4, 2007, the infant plaintiff Aubrey Ammonds was caused to attend Family Court, Kings County, whereupon said infant plaintiff was released from custody. The infant plaintiff Aubrey Ammonds Family Court File # was 121968.

38.     That on or about September 11, 2007, the above-referenced Family Court action against the infant plaintiff Aubrey Ammonds was dismissed and sealed.

39.     That upon returning home, the plaintiffs discovered that the defendant officers had thoroughly ransacked their residence, and that said officers had seized cash in the amount of approximately $750.00 and jewelry worth approximately $600.00 from the plaintiffs residence, which they (the defendant officers) did not log at the police precinct. The cash and jewelry have not been returned by the defendant officers. Said defendant officers, while ransacking the plaintiffs residence also caused damage to property estimated at approximately $300.00. Finally, plaintiffs' Ernie General and Audrey Ammonds have necessarily been caused out of pocket expenses, including substantial loss of earnings.

FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT

40.     By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41.     The above-described respective arrest, detention and imprisonment of the plaintiffs was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiffs arrest or subsequent detention.

42.     As a result of plaintiffs above-described false arrest and imprisonment they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary

affairs, have been caused to incur legal expenses, and have been otherwise damaged in their respective characters and reputation.

43.       Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

44.       The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

45.       This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:
DEPRIVATION OF CIVIL RIGHTS

46.       Plaintiffs repeat and reallege paragraphs 1 through 45 as if each paragraph is repeated verbatim herein.

47.       The defendant police officers acted under color of law, in their official capacity and their acts were performed under color of the statutes and ordinances, customs and practices of the defendant City of New York. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

48.       Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant police officers in their duties to refrain from unlawfully and maliciously arresting, imprisoning, assaulting, battering, using excessive force and inflicting summary punishment on innocent members of the public. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

49.     Acting under color of law and pursuant to official policy, practice, or custom, defendant City of New York intentionally, knowingly, negligently and recklessly failed to instruct, train, and supervise defendant police officers on a continuing basis in the correct procedure for making an arrest. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

50.     Defendant City of New York had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, negligently or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

51.     Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

52.     The conduct of the defendants deprived the plaintiff(s) of the following rights, privileges and immunities secured to them by the Constitution of the United States:

(a)   The right of each plaintiff to be secure in his/her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b)   The right of each plaintiff to be promptly informed of the nature and cause of the accusation against him/her, secured to him/her under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(c )   The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him/her by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(d) The right to be free from unreasonable detention and/or continued detention without probable cause in that each plaintiff was detained.

(e) The right to be free from the use of excessive force in that the infant plaintiff was assaulted, battered and seriously injured by the defendant officers.

53.        As a result of the actions of the defendants, each plaintiff was deprived of his/her rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned each plaintiff thereby depriving him/her of his/her liberty without due process of law.

54.        The defendant police officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs constitutional and civil rights and the City of New York is therefore responsible for their acts and liable to the plaintiffs for the damages they suffered. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

55.        The actual principal/agent relationship between defendant City and the defendant police officers was created by the fact they were employees of defendant City, and the City had the right to and it did regulate and control the activities and conduct of the defendant

officers. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

56.   The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: ASSAULT AND BATTERY

57.   Plaintiffs repeat and reallege paragraphs 1 through 56 as if each paragraph is repeated verbatim herein.

58.   At the time of the infant plaintiff's arrest by defendant police officers, the infant plaintiff did not challenge nor resist defendant police officers, nor engage in any threatening behavior towards said defendant police officers.

59.   However, defendant officers assaulted the infant plaintiff, battered the infant plaintiff, and subjected the infant plaintiff to excessive force and summary punishment

60.   Defendant police officers were at all material times acting within the scope, of their employment.

61.   Consequently, the infant plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

62.   This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

63.   Plaintiff repeat and reallege paragraphs 1 through 62 as if each paragraph is repeated verbatim herein.

64.   As a direct and proximate result of the negligent acts of Defendant City of New York as set forth herein, the infant plaintiff suffered

physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

65.    That by reason of the said negligence, the infant plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of her pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

66.    This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

WHEREFORE, each plaintiff respectfully prays for judgment as follows:

1.    For compensatory damages against each defendant in an amount to be proven at trial;

2.    For exemplary and punitive damages against each defendant in an amount to be proven at trial;

3.    For costs of suit herein, including the plaintiffs reasonable attorney's fees; and

4.    For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
          April 23, 2008

                              LAW OFFICES OF WALE MOSAKU, P.C.

By:    /s/

Wale Mosaku, Esq. (AM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Meghan A. Cavalieri, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant(s)
100 Church Street
New York, N.Y. 10007
(212) 788-6405

13