```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

ERNIE GENERAL, AUDREY AMMONDS and
AUBREY AMMONDS, an infant under the
age of 18 years, by his Mother and
Natural Guardian, AUDREY AMMONDS,          ORDER SETTLING ACTION

                        Plaintiffs,     CV 2007-5307 (MDG)

          - against -


CITY OF NEW YORK, et ano,

                        Defendants.
- - - - - - - - - - - - - - - - - - -X
```

Plaintiff Audrey Ammonds has moved for approval of the settlement of the claims of her infant son, Aubrey Ammonds. Local Civil Rule 83.2(a) of this Court provides that any "action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the court" in a proceeding complying with "the New York State statutes and rules." See id. In considering the motion, this Court must determine whether the amount of the settlement is fair, whether the distribution of the settlement proceeds will protect the interests of each infant, and whether the attorneys' fees sought are reasonable. See Allstate Ins. Co. v. Williams, No. 04 CV 4575, 2006 WL 2711538, at *1 (E.D.N.Y. Sept. 21, 2006); Clemente v. Bd. of Educ. of the City of New York, No. 02 CV 3963, 2005 WL 1594335, at *1

(E.D.N.Y. July 6, 2005); Local Civil Rule 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. § 1208.  Also, the Court may authorize payment of "reasonable attorney's fees ... after due inquiry as to all charges against the fund."  Local Civil Rule 83.2(a); see also N.Y. Jud. Law § 474 (requiring any attorney representing an infant on a contingent basis to submit an application for court approval of compensation).

In determining whether a proposed settlements of an infant plaintiff is "'fair, reasonable and adequate,'" the Court should compare "'the terms of the compromise with the likely rewards of litigation.'"  Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)).  A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently ..."  Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988).  Moreover, a presumption exists that the guardian or parent of the infant is acting in the best interests of the child and deference is given to the guardian or parent's decision as to the fairness of the settlement.  See Sabater v. Lead Industries Ass'n, Inc., No. 00 CV 8026, 2001 WL 1111505, at *3-*4 (S.D.N.Y. Sept. 21, 2001).

After consideration of documents submitted by plaintiffs in support of this motion, including the affidavit of Audrey Ammonds and affirmation of Wale Mosaku, counsel for plaintiffs, the testimony given by Audrey and Aubrey Ammonds at a hearing on August 7, 2008 and the prior proceedings herein, this Court finds that the best interests of the infant plaintiff will be served by the settlement and that the proposed settlement is fair and reasonable in light of the injuries sustained and the procedural posture of this case.  The Court is satisfied that the infant and his mother, who have determined that the settlement as proposed is fair and reasonable, understand the terms of the proposed settlement and the risks and benefits of proceeding with litigation.  I also find the amount of fees proposed to be paid counsel reasonable under the circumstances and in accordance with the retainer agreement signed by plaintiff Audrey Ammonds on behalf of her son,

NOW, THEREFORE, it is hereby

ORDERED, that AUDREY AMMONDS, mother and guardian of plaintiff AUBREY AMMONDS, be and hereby is authorized and empowered on behalf of her son to settle this action against the CITY OF NEW YORK, CAPTAIN SCHWEITZER, LIEUTENANT CARRETTA, SERGEANT JENNERY RIOS, LIEUTENANT JORGE JIMENEZ, DTS RONALD RACIOPPI, POLICE OFFICER JORGE MOREL, SERGEANT STAUDINGER, SERGEANT KELLY, POLICE OFFICER JUST, POLICE OFFICER FONTANA, POLICE OFFICER PAULSON, POLICE OFFICER LANGLOIS, POLICE OFFICER

MUNIZ, POLICE OFFICER FRANCIS, POLICE OFFICER FOGARTY and POLICE OFFICER FUSCALDO for Forty Thousand ($40,000) Dollars and to execute a General Release to the defendants conditioned upon the payment of said amount in accordance with this Order and to sign all papers necessary in that connection, and it is further

ORDERED, that out of the settlement amount, defendants are authorized and directed to pay the sum of Thirteen Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($13,333.33) to counsel Wale Mosaku, which amount represents one-third of the settlement amount, and it is further

ORDERED, that out of the settlement amount, the defendants are authorized and directed to issue a check made payable to "Audrey Ammonds, for the benefit of Aubrey Ammonds" in the amount of Twenty-Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($26,666.67), which must be deposited by Audrey Ammonds in the highest interest bearing account practicable at JP Morgan Chase Bank, N.A., located at 20 Flatbush Avenue, Brooklyn, New York for the credit, sole use and benefit of the infant plaintiff herein, Aubrey Ammonds, and which shall not be subject to withdrawal except as set forth below or as otherwise authorized by order of the Court, and it is further

ORDERED, that on or anytime after Aubrey Ammonds reaches the age of eighteen (18) years on August 9, 2011, JP Morgan Chase Bank, N.A. is hereby directed upon the demand of Aubrey Ammonds,

without further order of this Court, to pay over to Aubrey Ammonds all monies held by it in said account, and it is further

ORDERED, that the filing of a bond be dispensed with in accordance with N.Y. C.P.L.R. § 1210(c).

Dated:    Brooklyn, New York
          August 8, 2008

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE